UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

           v.

DANIEL BETANCOURT,

                Defendant.

No. CR-09-0156-FVS-4

ORDER DENYING PETITIONER'S
SECTION 2255 MOTION

**THIS MATTER** comes before the Court without oral argument based upon Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  Petitioner is proceeding pro se.  Respondent is represented by Timothy J. Ohms.

**BACKGROUND**

On November 4, 2009, a Grand Jury returned an Indictment charging Petitioner with Conspiracy to Manufacture More than 1,000 Marijuana Plants (Count 1), Possession with Intent to Distribute Marijuana (Count 2), Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 4) and Unlawful Alien in Possession of a Firearm (Count 5).  (ECF No. 1).  On July 8, 2010, a jury found Defendant guilty on Counts 2, 4 and 5 and acquitted Defendant on Count 1.  (ECF Nos. 446, 448, 450 & 452).  On December 22, 2010, the Court sentenced Petitioner to a term of 20 months on Count 2 to run

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 1

concurrent with a term of 20 months on Count 5.  The Court also sentenced Petitioner to a term of 60 months on Count 4, to run consecutive to Counts 2 and 5.  Judgment was entered on December 22, 2010.  (ECF No. 610).

Petitioner filed a notice of appeal on December 29, 2010. (ECF No. 618).  On April 28, 2011, Petitioner voluntarily dismissed his direct appeal.  (ECF No. 683).  An Amended Judgment was entered on August 12, 2011.  (ECF No. 768).  On April 16, 2012, Petitioner submitted a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 787).  Respondent filed a timely response on June 4, 2012.  (ECF No. 794).  Petitioner's reply brief was received by the Court on June 25, 2012.  (ECF No. 795).

**LEGAL STANDARD**

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.  This inquiry necessitates a twofold analysis: (1) whether Petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 2

conclusive against the Petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted). Because the Court finds that the evidence is conclusive against Petitioner (*see infra*), the Court finds that an evidentiary hearing on the motion to vacate is not necessary in this case.

**ISSUES**

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2255 because his trial counsel was ineffective in the following ways:

1. Petitioner's trial counsel failed to inform him adequately about the "benefits and consequences of going to trial versus pleading guilty, either with or without a plea agreement."

2. Petitioner's trial counsel failed to argue at sentencing for a downward adjustment to his base offense level pursuant to U.S.S.G. § 3B1.2 (mitigating role).

3. Petitioner's trial counsel failed to pursue certain sentencing benefits available under the "fast track program."

(ECF No. 787).

**DISCUSSION**

Petitioner alleges that his trial counsel rendered ineffective assistance during the plea negotiation process and at sentencing.

In reviewing a claim of ineffective assistance of counsel, the Court applies a two-part test: "First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense." *United States v. Recio*, 371 F.3d 1093, 1109 (9th Cir. 2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under the first element, the Court must examine "whether counsel's assistance was

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 3

reasonable considering all the circumstances." *Strickland*, 466 U.S.
at 688.  This requires the Court to analyze counsel's performance
with some deference, as "counsel is strongly presumed to have
rendered adequate assistance and made all significant decisions in
the exercise of reasonable professional judgment." *Id.* at 690.
Counsel's performance is not ineffective unless it fails to meet an
objective standard of reasonableness under prevailing professional
norms.  *Id.* at 688.

Under the second element, it must be shown "that counsel's
errors were so serious as to deprive the defendant of a fair trial."
*Recio*, 371 F.3d at 1109 (quoting *Strickland*, 466 U.S. at 687).  "It
is not enough for the defendant to show that the errors had some
conceivable effect on the outcome of the proceeding." *Strickland*,
466 U.S. at 693.  Indeed, "[v]irtually every act or omission of
counsel would meet that test, and not every error that conceivably
could have influenced the outcome undermines the reliability of the
result of the proceeding." *Id.* (citation omitted).  Rather,
Petitioner "must show that there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding
would have been different.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome." *Id.* at 694.

Finally, a court reviewing an ineffective assistance of counsel
claim "need not determine whether counsel's performance was deficient
before examining the prejudice suffered by the defendant as a result
of the alleged deficiencies . . . .  If it is easier to dispose of an
ineffectiveness claim on the ground of lack of sufficient prejudice .

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 4

. . that course should be followed." *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 697).

**I.  Plea Negotiations**

Petitioner contends that his counsel failed to inform him adequately about the benefits and consequences of going to trial versus pleading guilty. (ECF No. 787 at 5). Petitioner alleges that he was prejudiced because he received a longer sentence than he would have received by pleading guilty. *Id*.

Petitioner does not offer specific allegations concerning any plea offers that his counsel failed to properly communicate to him, nor does Petitioner indicate that his counsel failed to inform him of the status of any plea offers or negotiations. It is thus doubtful that Petitioner could meet his burden with respect to the first *Strickland* element.

In any event, Petitioner's claim in this regard fails because he is not able to show that he suffered any prejudice. As indicated by Respondent, if Defendant had pleaded guilty without a plea agreement, he would have been subject to a combined minimum sentence of 15 years. (ECF No. 794 at 6). Furthermore, Defendant's counsel recalls that the best offer provided by the Government during plea negotiations would have resulted in a sentence of 7.5 years (90 months). *Id*. The Court sentenced Defendant to a total of 80 months incarceration following his conviction at trial. Because Defendant received a sentence that is 10 months less than the most favorable offer extended by the Government, it is apparent that Petitioner suffered no prejudice by any alleged failure of his counsel during

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 5

the plea negotiation process.  Petitioner's ineffective assistance of counsel claim in this regard is therefore denied.

## II.  U.S.S.G. § 3B1.2

Petitioner next argues that he received ineffective assistance of counsel at sentencing because his counsel failed to argue for a downward adjustment to his base offense level based on his mitigating role pursuant to U.S.S.G. § 3B1.2.  (ECF No. 787 at 6).

As indicated by the Government, Petitioner's argument in this regard is simply incorrect.  (ECF No. 794 at 7-8).  Petitioner's counsel did, in fact, argue that a four-level adjustment pursuant to U.S.S.G. § 3B1.2 was warranted based on Petitioner's minimal role in the offense.  (ECF No. 521 at 4).  Counsel requested that Petitioner "be given a 4 level reduction in the offense level for being a minimal participant within the meaning of U.S.S.G. § 3B1.2." *Id*. Consequently, the Court determines that counsel's performance was not deficient with respect to this claim.

## III.  Fast Track Program

Petitioner next alleges he was deprived of constitutionally effective assistance by his counsel's failure to advise him of certain sentencing benefits available under the "fast track program." (ECF No. 787 at 8).

Petitioner's argument in this regard is misplaced.  The Eastern District of Washington's fast track program only applies to defendants charged with a violation of 8 U.S.C. § 1326(a). Petitioner was not charged with a violation of 8 U.S.C. § 1326(a) in this case.  Since Petitioner was not eligible for the fast track

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 6

program in this case, defense counsel's failure to advise Petitioner of this program and its benefits was not deficient, and Petitioner suffered no resultant prejudice.

Petitioner's ineffective assistance of counsel claims are without merit.

**RULING**

The Court being fully advised, **IT IS HEREBY ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (**ECF No. 787**) is **DENIED.** Because Petitioner has not made a substantial showing of the denial of a constitutional right, **the Court declines to issue a certificate of appealability.** 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to Petitioner and to counsel. The District Court Executive is further directed to **CLOSE** this case as well as the corresponding civil case: **CV-12-0205-FVS.**

**DATED** this ___10th___ day of July, 2012.

_____S/Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 7